FILED
2006 Mar-31  AM 10:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DANNY JOE BRADLEY,** | } |
| **Plaintiff,** | } |
| v. | } CASE NO. CV 01-B-1601-S |
| **STATE OF ALABAMA, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the Renewed Motion to Dismiss (doc. 32)[1] filed by defendants. Defendants move the court to dismiss this action for failure to state a claim upon which relief can be granted. Specifically, defendants argue that for plaintiff to prevail in this lawsuit, he must demonstrate that the denial of the physical evidence which he seeks for DNA testing, sought after all of his state and federal appeals have concluded, deprived him of a federally protected right. Defendants argue that none of plaintiff's claims in this case state a constitutional violation. Plaintiff argues that "established principles of substantive due process support recognition of a post-conviction right to compel production of potentially exculpatory evidence arbitrarily withheld by the state." Plaintiff's Memo of Points and Authorities in Opposition to Defendants' Renewed Motion to Dismiss at 5. Plaintiff also suggests that the court consider deferring the issues raised

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

in defendants' Renewed Motion to Dismiss "until such time as a definitive determination can be made as to whether the particular critical items of forensic evidence sought by Mr. Bradley for testing are still available for that purpose." *Id*. at 17.  Counsel for Bradley notes, this discovery may "effectively resolve this action without any need for adjudication of the due process issue." *Id*. at 18.  The court has determined to follow this suggestion.

Therefore, upon consideration of defendants' Renewed Motion to Dismiss and plaintiff's Opposition to Defendants' Renewed Motion, it is hereby **ORDERED** that defendants' Renewed Motion to Dismiss is **DENIED** without prejudice to refiling.[2]  On or before April 21, 2006, defendants shall **FILE** a verified statement, which shall set forth each piece of evidence capable of DNA testing and whether the evidence is available for testing.  If the evidence is unavailable, defendants shall state efforts to locate the evidence and ultimate disposition of the evidence.  For each piece of evidence found in defendants' possession and not provided to plaintiff for testing, defendants shall inform the court of their reason for denying plaintiff access to such evidence.  Thereafter, on or before May 8, 2006, plaintiff shall file a written statement indicating what, if any, additional discovery he seeks.

---

[2]The court is aware that once discovery is completed, the grounds raised in defendants' Motion may become moot; nevertheless, the court has decided that rather than address complicated constitutional issues regarding the right of a defendant in a post-conviction proceeding to seek DNA evidence, the court will allow limited discovery.  Moreover, the issues raised in defendants' Motion to Dismiss may be mooted by the Innocence Protection Act of 2004.  Of course, once plaintiff has the discovery, he can determine whether he has sufficient evidence to file a second habeas petition.

It is further **ORDERED** that this matter is **SET** for a status conference at **10:00 a.m.** on **May 12, 2006**. The conference will be conducted by way of a telephone call which will be initiated by the court.

**DONE**, this 30th day of March, 2006.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE